## Ayers Estate.

452

Argued January 12, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George L. Fenner, Sr.,* appellant, in propria persona.

*E. Walter Samuel,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 22, 1966:

George L. Fenner, Sr., Esq., attorney for the Estate of William M. Ayers, deceased, was requested by the executor and by the decedent's widow to discontinue representing the estate, to turn over all papers to succeeding counsel, and to render a bill for services rendered "thus far."

Mr. Fenner returned to the executor the papers he had been holding, together with an account in which he claimed $1575.15 for advances made by him during the administration of the estate, $554.78 for services rendered by him during the decedent's lifetime, and for $6,000 counsel fees as attorney for the estate. He had in his possession $7,476.35, proceeds from the sale of certain real estate which had been owned by the

decedent. The executor asked Fenner to turn over this amount to the estate. Fenner refused, and the executor caused a citation to issue directing Fenner to show cause why he should not transfer these funds to the estate.

Fenner filed an answer, admitting possession of the $7,476.35 but averring he was under no duty to account for the money until a final accounting was rendered by the executor, at which time he would insist on his $6,-000 counsel fees. The executor moved for judgment on the pleadings for $7,476.35 less the $2,129.93 admitted credit and a "reasonable" attorney fee for Mr. Fenner's services rendered up to the time of his dismissal as attorney for the estate. Fenner refused to offer any proof of his services, urging he was not required to do this until the final accounting of the estate. The court rejected the argument, stating: "This theory is patently absurd because of the very nature of this litigation the executor is precluded from filing his final account. Until he determines the amount which he may be able to recover from Mr. Fenner, the executor cannot present to this court a comprehensive account of his administration. In point of fact, the court has twice ruled that the time to prove his claim is before the final account. We cannot perceive how determination of his claim prior to the filing of a final account would be prejudicial to Mr. Fenner."

Nevertheless, with a persistence that can easily go with $6,000, Attorney Fenner still maintained that he should wait until the final account. The court, with extraordinary patience, advised the attorney he had better proceed now to prove his claim. Fenner, continuing to be obstinate about the matter, the judge continued to be patient, but finally he declared: "Mr. Fenner . . . we have had delay after delay. Can't we get the testimony and find out what your claim is so I can determine it?"

Mr. Fenner, ever unpersuadable in the matter, notified the court that he "will have to make any decision he wants. I will appeal it."

Pushed to the extremity, the court announced: "Mr. Fenner having refused and failed to prove his claim for services, the court has no recourse but to deny the same at this time."

As he declared he would do, Mr. Fenner appealed. Looking over the record we are disposed to agree with the court below that Mr. Fenner should present his evidence of services rendered without waiting for the filing of a final account.

We, therefore, remand the record to the court below for the purpose of hearing evidence and entering an order for such a fee as the court deems reasonable. If Attorney Fenner, after this pronouncement, refuses to offer evidence in his behalf, the court will be justified in refusing his claim.

Decree affirmed but record remanded for further proceedings consonant with this opinion. In the meanwhile we direct that Attorney Fenner pay to the executor all funds which belong to the estate. Costs on the appellant.

Mr. Justice ROBERTS dissents and would affirm the decree of the court below.