Taylor Will.

Argued October 3, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Peter O. Steege,* with him *R. Clifton Hood,* and *Evans and Hood,* for appellants.

*Edwin M. Wallover,* with him *Wallover, Barrick-man and Reed,* for appellee.

*Samuel C. Holland,* Special Assistant Attorney General, *Charles A. Woods, Jr.,* Deputy Attorney General, and *Edward Friedman,* Attorney General, for Commonwealth, as parens patriae for charitable trusts.

OPINION BY MR. JUSTICE ROBERTS, November 15, 1966:

This appeal from the decree of the Orphans' Court of Beaver County challenges the entry of judgment on the pleadings for proponents and the dismissal of con-

testants' appeal from the probate of the will of Clara Behnaman Taylor, deceased. Prior to entry of judgment the court sustained preliminary objections filed by the proponents to contestants' amended petition alleging that the will had been procured by undue influence. The sole issue before us is whether contestants' averments meet the requirement of Section 3, Rule 4(a)(3) of Sup. Ct. O.C. Rules that the petition set forth "a concise statement of the facts relied upon to justify the relief desired." See also Local Rule 46 of Beaver County Orphans' Court.

The averments relevant to the charge of undue influence assert that the influence was exerted by an attorney who stood in a confidential relationship with the decedent, and who, two years before her death, prepared in his own handwriting the will accepted for probate. It is agreed by all parties that the attorney, a stranger to the blood of the decedent and the only witness to the will, was named sole executor of the estate and received a gift of decedent's real estate thereunder. Moreover, it is alleged that at the time of the execution of the will, decedent was physically infirm and of weakened mentality.

The appellee's argument, accepted by the court below, that the contestants' pleadings lacked sufficient specificity which would enable the attorney scrivener to defend against the charge of undue influence, assumes the very point in question, namely, upon whom the burden of producing evidence regarding undue influence rests. In *Abrams Will,* 419 Pa. 92, 99, 213 A. 2d 638, 642 (1965), Mr. Justice JONES succinctly restated the law: "As to undue influence, certain principles are established beyond question: (1) there is a presumption of the absence of undue influence and the initial burden of proof is on the contestant; (2) absent evidence of weakened intellect, the burden is upon those asserting it to prove undue influence even though the

bulk of the estate is left to those occupying a confidential relationship; (3) when there is evidence of confidential relation coupled with weakened intellect, the burden of proof shifts to the proponent: Quein Will, 361 Pa. 133, 145, 62 A. 2d 909; Gold Will, 408 Pa. 41, 52, 182 A. 2d 707." (Emphasis deleted.)

When the contestants plead facts which will relieve them of the burden of coming forward with evidence of undue influence less detail is required because it is assumed that the proponent has complete knowledge of the circumstances surrounding the execution of the will. See *How's Estate*, 21 Dist. 493 (Phila. 1912) ; Fiduciary Review 3 (Feb. 1962) ; 1 Partridge-Remick, Pa. O. C. Practice §4.08 at 157-58 (1961). In the instant case, contestants have alleged facts which, if proved, will require the proponents to submit evidence showing the absence of undue influence. See *Hurst Will*, 406 Pa. 612, 617-18, 179 A. 2d 436, 438 (1962) ; *Williams v. McCarroll*, 374 Pa. 281, 295-97, 97 A. 2d 14, 21 (1953). Therefore, we believe that they should be afforded an opportunity of establishing, if they can, the existence of the decedent's weakened mentality as well as the confidential relationship. This view is in accord with the observation made by the court below that "Orphans' Court are reluctant to dispose of litigation upon preliminary objections, as experience indicates that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court." Our holding, of course, is limited to the sufficiency of the pleadings and does not speak to the quantum of proof necessary either to establish these elements, or assuming their establishment, to rebut the presumption of undue influence. See *Paul Will*, 407 Pa. 30, 180 A. 2d 254 (1962) ; *Thompson Will*, 387 Pa. 82, 126 A. 2d 740 (1956) ; Hutton, Undue Influence and Fraud in Pennsylvania Wills, 52 Dick. L. Rev. 225, 244 (1948).

On this appeal the Commonwealth appeared as parens patriae for the charitable trusts created by the residuary clause of the will. Its position is that the allegations of undue influence do not affect the charitable bequests, and therefore, the validity of these gifts should be sustained irrespective of the disposition of the preliminary objections. However, whether undue influence invalidates the entire will or only portions thereof depends upon the extent of the taint. *Carothers's Estate,* 300 Pa. 185, 150 Atl. 585 (1930); *Wagner's Estate,* 289 Pa. 361, 137 Atl. 616 (1927). Thus the proper determination of the Commonwealth's position must await the establishment of a record. We are, therefore, unable to adopt the Commonwealth's suggestion.

Decree reversed and record remanded for proceedings consistent with this opinion. Each party to pay own costs.