## McKeown Estate

*Joseph Colavecchi,* for petitioner.
*Clarence R. Kramer,* for respondent.

REILLY, *P.J.,* November 30, 1977—Mabel A. McKeown died intestate on September 28, 1975, and at the date of her death, she was the owner of a tract of real estate in Bell Township, Clearfield County, Pa. On October 29, 1975, Thomas E. McKeown, widower of Mabel A. McKeown, deeded to one Frank Kleboff his one-third interest in said real estate under the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508, 20 Pa. C. S. A. §2101 et seq., said deed being recorded on November 18, 1975. James E. Freeman was granted letters of administration on December 8, 1975, and this matter is before the court upon his petition to set aside the conveyance from Thomas E. McKeown to Frank Kleboff.

Petitioner cites the Act of June 30, 1972, P. L. 508, sec. 2, effective July 1, 1972, 20 Pa. C. S. A. §3311, which states as follows:

"A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the de-

cedent, except real estate occupied at the time of death by an heir or devisee with the consent of the decedent."

Since in this case the real estate was not occupied at the time of death by an heir or devisee, James E. Freeman claims that the purported sale from Thomas E. McKeown to Frank Kleboff should be set aside and that petitioner, as administrator of the estate, should take possession of the real estate. Petitioner further relies on the list of inventory and debts filed to the estate which indicates that without the inclusion of said real property there are insufficient assets in the estate with which to pay its debts.

The Supreme Court of Pennsylvania in Brose Estate, 423 Pa. 420, 223 A.2d 661 (1966), on a different factual basis, stated as follows:

"Under §501 of the Fiduciaries Act, April 18, 1949, P. L. 512, as amended, 20 P. S. 320.501, the personal representative of an estate has the right and responsibility to take possession of and administer all the real and personal estate of the decedent . . ."

The act cited by the Supreme Court above was the forerunner of the current act quoted by this court and relied upon by petitioner. The Supreme Court went on to state in the above case:

"Finally, and not least important, it would constitute an unwise precedent to permit an individual to retain possession of an asset of an estate when the personal representative is charged with the responsibility of possessing and administering such asset, merely because that individual is, or may be, entitled to subsequently share in the distribution of the estate. The inherent dangers are self-evident."

It appears to this court that the personal representative in this case had not only the right but the duty to take possession of the real estate involved, and, therefore, this court entered its order setting aside the sale and directing the real estate to be included in the inventory of the estate.