## Osterling's Estate.

Argued September 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John D. Stedeford,* for appellant.

*D. C. Jennings,* with him *John M. Russell,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 2, 1940:

F. J. Osterling, of Pittsburgh, died on July 5, 1934, having made his will, which was duly probated in Allegheny County. After making certain specific bequests, he gave to Bertha Osterling and to Annetta Axtell, his sisters, and to John Philip Axtell, a nephew, the entire residue of his estate in equal shares. He appointed the Commonwealth Trust Company of Pittsburgh and John H. Axtell as his executors.

Four partial accounts of their administration were filed by the executors during the years 1935 to 1938. They were audited by the court below, and distributions were made of the balances shown by each account. Bertha M. Osterling received and receipted for the distributive share awarded to her upon each accounting, but it appears that she objected to the costs of administration and counsel fees. To the first account she filed three exceptions, one of which was dismissed absolutely, the other two were dismissed without prejudice to their renewal at a future audit. At the second accounting she wrote a letter to the auditing judge, complaining that the executors' commissions and counsel fees were excessive, but no formal exceptions were filed by her. When the third account was called for audit, she failed to appear or to renew the exceptions filed

to the first account. Upon the fourth accounting, without the aid of counsel, she filed exceptions renewing those theretofore filed, and included additional ones. Again she failed to appear at the audit, but the court took testimony upon these exceptions, and dismissed them.

Bertha M. Osterling died on June 25, 1938, leaving a will in which she named her brother, D. P. Osterling, as the executor and sole beneficiary of her estate. Thereafter, as such executor he presented to the court below four petitions asking for a review of the executors' accounts in the F. J. Osterling estate, with a fifth petition seeking the removal of the executors. These petitions are now before us. The purpose of the petitions for review is to surcharge the executors for the payment of allegedly excessive commissions and counsel fees. The petition to remove the executors is based in part upon the same allegations and upon the further assertion that the assets of the estate have been mismanaged and wasted.

The court below refused to order the issuance of citations to the executors, and dismissed the petitions. This action was sustained by the court in banc, and from the decrees accordingly entered, these appeals have been taken. The contention of the appellant is that it was error for the court to dismiss the petitions without granting citations thereon. However, it is apparent that the real question is whether the appellant is entitled to have the decrees confirming the four accounts vacated and set aside, and the accounts reviewed and re-adjudicated.

Under Section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides for petitions of review to correct errors in an account, auditor's report, or adjudication, it is settled that such review will be granted as of right only (1) where there are errors of law appearing upon the face of the record; (2) where new matter has arisen since the confirmation of the account

or decree: (3) where justice and equity require a review and no person will suffer thereby: *Troutman's Est.,* 270 Pa. 310; *Willing's Est.,* 288 Pa. 337; *Bailey's Est.,* 291 Pa. 421; *Reamer's Est.,* 331 Pa. 117. As to matters existing at the time of the adjudication but not of record, the granting or refusing of a petition for review of a former proceeding, order or decree, is a matter within the sound discretion of the court below, and the court's action will not be disturbed unless there is an abuse of that discretion: *Chauncey's Est.,* 303 Pa. 441; *Capuzzi's Est.,* 306 Pa. 27; *Downing, Exr., v. Felheim,* 309 Pa. 566; *Colladay's Est.,* 333 Pa. 218.

The right to a review is further limited by the provision of the statute [which first appeared in the Act of October 13, 1840, P. L. 1 (1841), Section 1, and was carried into the Fiduciaries Act] that it "shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary."

In the light of these principles it seems to us that the petitions in the present case fail to set forth sufficient grounds to require a review of the executors' accounts. The allegations of the petitions raise principally issues of fact with respect to the reasonableness of commissions and fees charged the estate, but allege no errors apparent on the face of the record. We said in *Bailey's Est.,* supra, (p. 424) : "The court will not retry the case, but will correct palpable mistakes in an account or adjudication." There is no averment that new matters have arisen since the decrees of the court were entered. Furthermore, the balances shown by the accounts "have been actually paid" by the executors to the parties thereto entitled.

Our examination of the petitions discloses no reason which, in the interest of justice or equity, would move this Court to open the decrees of the court below. On the contrary, we are in accord with its findings that

"Bertha M. Osterling . . . had every opportunity given to her to present her matters fully to the court . . . she did not want to pay the usual cost of administration and counsel fees. These had been passed upon by the court and found to be reasonable; she could not agree to this finding. She abandoned her counsel and assumed to appeal to the court personally and by letter . . . She propounded questions and sought to have advice from the court . . . They [the judges] gave her abundant opportunity at all the audits to be heard and rather than employ and pay the expenses of new counsel, she failed to pursue the exceptions which she had filed, and, in the interest of justice to all the other parties who were entitled to distribution, it was necessary to dismiss the exceptions."

In view thereof it clearly appears that there was no reason or justification for the issuance of citations requiring the executors to answer the petitions, and the court below properly dismissed them. We find no abuse of discretion in this action since, as we have said, the petitions were defective and insufficient upon their face.

There was available to the beneficiary in this estate a proper remedy by exception and appeal from the decrees of the court below, and to substitute now in the place thereof a review of all the accounts filed and adjudicated, and to jeopardize the propriety of the distributions made thereunder, would be violative of the rule that the period for exception and appeal cannot be enlarged or renewed by a petition for review. Such would be the effect of the granting of the petitions in the present case: *Sherwood's Est.,* 206 Pa. 465; *Troutman's Est.,* supra; *Bailey's Est.,* supra; *Turnbull's Est.,* 88 Pa. Superior Ct. 482.

There remains the petition for removal of the executors, in which it is alleged that they have wasted and mismanaged the assets of the estate. The particular acts and omissions which are averred by appellant in support of these charges relate substantially to the same

matters raised by his four petitions for review. It is apparent, therefore, that he is seeking by this petition to renew objections to the accounts which, as we have seen, it is too late to raise either by exception or appeal, or for which a petition for review cannot properly be granted. We cannot say that the court below erred in viewing the five petitions together as constituting an attempt to litigate matters no longer properly reviewable, and its action in dismissing the petition to remove must be sustained.

The decrees are affirmed. Costs to be paid by appellant in each appeal.