Pew Trust.

Argued May 25, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry F. Hauser*, with him *Lloyd H. Wood* and *Wood, Hauser & DiJoseph*, for guardian ad litem and trustee ad litem, appellant.

*Henry A. Frye*, with him *Robert Brigham, Richard L. Freeman, George A. Purring* and *Moffett & Stover*, for trustees, and life tenants, appellants.

*Thomas B. K. Ringe*, with him *Morgan, Lewis & Bockius*, for Corporate Fiduciaries Association of Philadelphia, amicus curiæ.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 24, 1949:

These are appeals from a decree of an orphans' court. The account was by trustees of an inter vivos trust. Exceptions of the life tenants to the adjudication were sustained, while those of the remaindermen and of the trustees were dismissed. These appeals followed.

By sustaining the *life tenants'* exceptions and dismissing those of the *remaindermen*, the court below correctly determined that the provisions of the Uniform Principal and Income Act of May 3, 1945, P. L. 416, 20 PS 3471, and the Principal and Income Act of July 3, 1947, P. L. 1283, 20 PS 3470, are unconstitutional when applied *retroactively* to trusts created prior to their enactments: See *Crawford Estate,* 362 Pa. 458, 67 A. 2d 124.

In dismissing the *trustees'* exceptions, the learned court below ruled that it was unnecessary to decide, as an *additional* reason for sustaining exceptions to the adjudication, that the Acts of 1945 and 1947, supra, also impaired the obligation of the contract creating the trust, thus contravening Art. I, Section 17 of the Constitution of Pennsylvania and Art. I, Section 10, Clause 1 of the Constitution of the United States. We agree with this conclusion.

Decree affirmed. Costs to be paid out of the corpus of the trust fund.