## Mershon Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter, and Boland, JJ.

*Robert C. Kitchen,* for petitioners.

*Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Ingersoll,* for respondents.

KLEIN, J., May 27, 1949.—This matter comes before us on preliminary objections to a petition to open and review the adjudication of Bolger, J., of June 18, 1946.

Settlor, George B. Mershon, created this trust by deed dated November 12, 1913, naming himself as trustee and providing for the substitution of E. Warner Bonsall and the Land Title and Trust Company (now Land Title Bank and Trust Company) as trustees upon his death.

Among the investments placed in the trust at the time of its creation were 56 shares of the stock of the Philadelphia Company for Guaranteeing Mortgages, valued at $5,600. Settlor died in 1920, whereupon the two substituted trustees named in the deed of trust took over the administration of the estate. They received the assets of the estate which contained, inter alia, the 56 shares to which reference has just been made. Three years later the trustees purchased 28 additional shares of this company's stock for $4,200. Subsequently the 84 shares (par 100) were exchanged for 420 shares (par 20), all carried at a total sum of $9,800.

The trust instrument provided for payment of the income to settlor's daughter, Alberta Mershon Knabe, for life and on her death the principal is payable to her children and the issue of any of her children then deceased. Alberta Mershon Knabe died on September

18, 1948. The principal of the trust is therefore now distributable to her two children, Blanche M. Bramall and Martin C. Knabe, 3rd, petitioners.

E. Warner Bonsall, the individual cotrustee, died December 17, 1932. On April 30, 1946, the first account of E. Warner Bonsall and Land Title Bank and Trust Company (successor to Land Title and Trust Company), succeeding trustee, was filed. This account was stated by Land Title Bank and Trust Company, surviving trustee, and by Adele I. Bonsall, William S. Johnson and Land Title Bank and Trust Company, executors of E. Warner Bonsall, deceased trustee. Prior to the audit of this account, Peter P. Liebert, 3rd, a member of the Philadelphia bar, was appointed by the court as guardian and trustee ad litem to represent the contingent interests of minors and possible unborn remaindermen, which interests never vested and no longer exist by reason of the death of settlor's daughter in the lifetime of her two children, petitioners. Mr. Liebert filed a report, recommending the approval of the account, which was confirmed by the adjudication of Judge Bolger, which petitioners are now endeavoring to open and review. No exceptions were filed to the adjudication and no appeal was taken.

The petition for review is a voluminous document, painstakingly prepared, containing 90 separate paragraphs and filling 30 typewritten pages.

The petition sets forth that commencing with 1915, the corporate trustee had interlocking officers and directors with the Philadelphia Company for Guaranteeing Mortgages. It then recites in great detail various transactions between the two companies between the years 1922 and 1932, which are alleged to constitute an uninterrupted course of fraudulent and ruinous dealing with the mortgage guarantee company. Petitioners further allege, paragraph 87(*b*), that;

"The trustee intentionally and successfully deceived life tenant and your petitioners in the presentation of interim accounts, whereby the status of this investment was affirmatively misstated and information in the power of the trustee to impart was withheld in the interest of avoidance of fiduciary liability for misfeasance."

The granting of a review of an adjudication, which has been confirmed absolutely, is a matter of grace, not of right, except for error of law apparent in the face of the record or for new matter which has arisen since the confirmation of the account or where justice and equity require a review and no person will suffer thereby: Osterling's Estate, 337 Pa. 225 (1940); Scott's Appeal, 112 Pa. 427, 436 (1886). A review, based on proof discovered since the adjudication is not a matter of right, but rests in the sound discretion of the court. Petitioner must establish that the new evidence was not available at the audit and that it could not have been discovered before the adjudication by the exercise of reasonable diligence: Bailey's Estate, 291 Pa. 421 (1928). See also on the general question of laches, Hartmann's Estate, 38 D. & C. 310, 317 (1940); Barnes & Tucker Co. v. Bird Coal Co., 334 Pa. 324, 333 (1939).

A study of the petition for review clearly indicates that petitioners were aware of the fact that the 420 shares of the Philadelphia Company stock were worthless for many years.

Paragraph 83 of the petition states:

"On April 15, 1941, the trustee rendered a like statement of account for information of parties in interest in which the following credit item appears:

" '1940

" 'May 8—NOTE:—The following stock has been transferred to the worthless security ledger, viz:—420

shares Philadelphia Company for Guaranteeing Mortgages, com. par $20. $9,800.00' "

Paragraph 3 of the petition recites that "The trustee notified your petitioners of the filing of the said account" on April 30, 1946, and paragraph 5 sets forth that:

"On page 2 of the said account, the trustee charges itself, inter alia, with '56 shares Phila. Co., etc., par $100.—$5600.00,' and at page 5 thereof takes credit as of June 27, 1923, for investment as follows: '28 shs. Philadelphia Co., etc., par 100—$4200.00,' with notation on page 5 thereof as follows:

" 'Note: The following security ascertained to be worthless, hereby marked off and filed with the general papers, viz:—

" '*1940*

" 'May 8 420 shs. Philadelphia Company for Guaranteeing Mortgages 9800.00'

(representing a split of five shares for one in 1929)"

By their own admission, therefore, petitioners acknowledge that they knew in 1941 that the stock was worthless and that they had notice of the filing of the account in 1946. In spite of this they took no steps to challenge the conduct of the trustees at the audit held before Judge Bolger in 1946. They waited for almost three years after the confirmation of the account before they filed their petition for review. A heavy burden rests on them to explain why they did not raise the questions, which they are now presenting, at the audit.

The serious charges made by petitioners against the Land Title Bank and Trust Company are not new ones. The receivership proceedings of the Philadelphia Company, commencing in 1933, was a cause célèbre. The relationship of this company to the Land Title company and the business transactions which took

place between the two companies were the subject of searching and thorough investigations by a Federal grand jury and by a congressional investigating committee. Many prominent persons were indicted. For a long period of time the newspaper headlines screamed every little incident pertaining to the matter to its readers. It was difficult for anyone who could read to avoid knowing the full details of the charges that were being hurled against all of the persons who participated in any degree in the transactions set forth at such great length in the petition for review. Yet, in spite of all this, petitioners sat by supinely until 1949 before they took action. Unless they explain this long delay satisfactorily, their petition for review must be denied.

The petition for review is basically defective, technically, in another respect. The account which was confirmed by the adjudication, and which petitioners are seeking to review, was filed on behalf of the *two* substituted trustees. As has already been pointed out in this opinion, this account was stated by Land Title Bank and Trust Company, surviving trustee, and by Adele I. Bonsall, William S. Johnson and Land Title Bank and Trust Company, *executors of E. Warner Bonsall, deceased trustee.* The petition for review requested the issuance of a citation directed to the Land Title Bank and Trust Company, trustee, alone. The executors of the estate of E. Warner Bonsall were not made a party to these proceedings. This is clear error. One of the fundamental rules of practice in the orphans' court is that in proceedings begun by petition for citation, all parties in interest, who may be affected by the litigation, must be joined as parties respondent: Hecht's Estate, 56 D. & C. 267 (1945). See also Foulke's Estate, 50 D. & C. 478 (1944).

We therefore enter the following

*Decree*

And now, May 27, 1949, the preliminary objections are sustained. Leave is granted to petitioners to file an amended petition within 30 days from the date of this decree.