Warden Trust.

Argued April 25, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

312

*C. Leo Sutton,* with him *Dilworth, Paxson, Kalish & Green,* for appellants.

*A. Evans Kephart,* guardian and trustee ad litem, appellant, in propria persona.

*John Russell, Jr.,* with him *Samuel W. Morris, Oscar M. Hansen,* and *Morgan, Lewis & Bockius,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 27, 1955:

In *Crawford Estate,* 362 Pa. 458, 67 A. 2d 124, and in *Pew Trust,* 362 Pa. 468, 67 A. 2d 129, this Court unequivocally decided that the provisions of the Uniform Principal and Income Act of May 3, 1945, P. L. 416, 20 PS 3471 and the Principal and Income Act of July

3, 1947, P. L. 1283, 20 PS 3470 *are unconstitutional when applied retroactively to trusts created prior to their enactments.* This principle we re-affirmed in *Steele Estate,* 377 Pa. 250, 103 A. 2d 409, and *Jones Estate,* 377 Pa. 473, 105 A. 2d 353.

The facts are undisputed. They are recited in the adjudication as follows:

"By Indenture of inter vivos trust, dated July 16, 1908, Sarah W. Warden, Settlor, transferred and assigned certain assets to Germantown Trust Company (now The Pennsylvania Company for Banking and Trusts), Trustee, reserving to herself the income therefrom for life and providing that upon her death the income should be distributed among her children and issue of deceased children until the happening of certain contingencies (not here relevant), whereupon the trust should terminate and the principal be distributed among her children and issue as more particularly set forth therein. Settlor executed a number of amendments and supplements thereto, the last of which, dated December 22, 1916, provided, inter alia: '. . . all allotments of bonds, stock or stock dividends shall be treated and regarded as belonging to the principal of the estate, and not as income.' Settlor died April 11, 1918.

"The trustee has received certain stock dividends and rights. The account before the Court has been filed to ascertain whether the stock dividends and rights are income or principal. . . .

"The Uniform Principal and Income Act of May 3, 1945, P. L. 416, 20 PS 3471, provides, inter alia, as follows: 'Any profit or loss resulting upon any change in form of principal shall enure to or fall upon principal, unless the testator or creator of the trust directs otherwise.' (Section 3). 'All dividends on shares of a corporation forming a part of the principal which are

payable in shares of the corporation shall be deemed. principal . . .' (Section 5(1)). 'All rights to subscribe to shares of other securities or obligations of a corporation accruing on account of ownership of shares of such corporation and the proceeds of any sale of such rights shall be deemed principal . . .' (Section 5(2)). The Principal and Income Act of 1947, P. L. 1283, 20 PS 3470, substantially reenacted the Uniform Principal and Income Act of 1945.

"Some of the stock dividends and rights reflected in the account were received on securities purchased by the trustees *subsequent* to the effective date of the Uniform Principal and Income Act of 1945."

Judge LEFEVER, the auditing Judge, was of opinion, contrary to the decisions in the above cited cases, that the life tenants do *not* possess a *vested property right* in extraordinary dividends (ascribable to earnings after settlor's death) on stock acquired by the trust *after* the effective date of the Uniform Principal and Income Act and he so ruled. Exceptions to the adjudication were dismissed, Judge BOLGER dissenting. An appeal was then taken to this Court. It was thereafter discovered that in *Crawford Estate,* supra, a security was purchased by the trustees *subsequent* to the effective date of the Act in question. As this fact did not appear in our decision the appeal was withdrawn and the record remanded. A supplemental adjudication was filed by Judge LEFEVER in which he adhered to his original view. Exceptions to the supplemental adjudication were sustained in a majority opinion by President Judge KLEIN, Judge BOLGER concurring and Judge LEFEVER dissenting. It was decided that the principle which this Court enunciated in *Crawford Estate,* supra, should be applied. In that decision, and those which followed it, we definitely decided that a gift of an equitable life estate in income is a grant of

a *vested property interest* which is beyond the power of the Legislature to extinguish.

The interest of a life tenant is vested when a decedent or settlor *creates the trust.* It would indeed be a novel legal principle that such vested interests could not be constitutionally extinguished as to securities already forming part of the trust res, but could be so extinguished respecting securities *subsequently* purchased with *trust funds.*

Since this Court has so repeatedly decided that the interest of a life tenant or life tenants in income in a trust estate is *vested,* and cannot be constitutionally extinguished by the Act in question, we need not repeat what we have so fully and in detail expressed in those decisions.

The contention of the guardian *ad litem* that the Act is effective when applied to the remaindermen whom he represented is without merit. In *Crawford Estate,* supra, we discussed examples of the kinds of interests which are inchoate or are expectancies which may be divested. Uncertainty as to quantum of income, and when it is to be received, cannot convert a vested interest into a mere expectancy.

We note that the settlor provided that ". . . all allotments of bonds, stock or stock dividends shall be treated and regarded as belonging to the principal of the estate, and not as income." Since the life tenants possessed a vested interest in income in a trust estate created *prior* to the Uniform Principal and Income Act, when the Pennsylvania or American Apportionment Rule was applicable, such a provision is void as an accumulation forbidden by the Act of April 18, 1853, P. L. 503. See opinion of GEST, J. in *Maris's Estate,* 12 D. & C. 783, affirmed in 301 Pa. 20, 151 A. 577. See also *Morgan's Estate,* 340 Pa. 465, 466, 17 A. 2d 454.

The definitive decree of distribution is affirmed. Costs to be paid out of the corpus of the estate.