## Mereto Estate

*Joseph K. Fornance,* for petitioner.

*H. Ober Hess,* for respondent.

TAXIS, P. J., February 29, 1956.—On December 5, 1955, Frank B. Brennan, sole surviving life beneficiary under the above trust, filed his petition for review of an adjudication dated April 2, 1952, in the above captioned estate. He alleges that 10 shares of Palmolive Peet (representing a stock dividend received by the trustees on January 15, 1951) and 40 shares of Atlantic Refining Company (representing a stock dividend of January 19, 1951) were erroneously carried as principal in the account of the trustees and should be reallocated to him as income. Patricia Brennan Browning, the only living remainderman of the principal of the trust, joins in the petition. On November 5, 1955, Mary Harley Kelly and Catherine Harley Doyle, to whom there is a gift in remainder should the present life beneficiary die without issue, wrote a letter to Frank B. Brennan in which they said: "After due consideration, we have decided not to sign the joinder in petition to open adjudication . . . of . . . There seems to us no valid reason why the stock dividends described should be transferred from principal of the trust to income."

The trustees answer: "Admitted that the two stock dividends were apportionable to income under the Pennsylvania Intact Value Rule", but that these two stock dividends, "would have been distributed to income had the income beneficiary made a timely claim." It is stated that the stock dividends have not been distributed but are still in the hands of the trustees.

In paragraph 6, petitioner avers that, "under the decision of the Supreme Court of Pennsylvania in Warden Trust, 382 Pa. 311, dated June 27, 1955, the said two stock dividends were erroneously listed as

principal and should have been carried as income and included in the award to your petitioner . . .".

As I understand this argument, petitioner now points to Warden Trust, supra, as representing a change in the law of apportionment. To begin with a change in the law may not be sufficient reason to warrant opening an adjudication: Kulp's Est., (No. 1) 56 Montg. 347. More to the point, however, is that Warden Trust does not change the law as I understand that case, but merely reaffirms the "intact value" rule concerning apportionment of stock dividends as restated by the Pennsylvania Supreme Court on June 24, 1949, in Crawford Est., 362 Pa. 458, which was, in turn, followed in Pew Trust, 362 Pa. 468, Steele Est., 377 Pa. 250, and Jones Est., 377 Pa. 473. On April 14, 1951, therefore, when this account was filed the law at that time and now (as to trusts created prior to the Principal Income Acts of 1945 and 1947) provided that these stock dividends were apportionable under the intact value rule. Moreover, petitioner was alerted to the fact that such stock dividends represented apportionable events by the receipt from the trustee in advance of the audit of a statement that the stock dividends were being held "pending apportionment." All the facts were known at that time by the life beneficiary and he has not by clear and satisfactory reasons accounted for the delay in filing his petition for review. "Something is due to the finality of judicial proceedings": Scott's App., 112 Pa. 427, 437. Review cannot take the place of exception and appeal: Osterling's Estate, 337 Pa. 225; Wilford Estate (No. 1), 7 D. & C. 2d 707, 72 Montg. 370, decided February 29, 1956.

And now, February 29, 1956, the petition for review is dismissed.