# Wilford Estate (No. 1)

*Duffy, McTighe & McElhone* and *Edmonds, Obermayer & Rebmann*, for accountants.

*Waters, Cooper & Gallager* and *Cummings & French*, for exceptant.

*High, Swartz, Childs & Roberts*, for guardian ad litem.

TAXIS, P. J., February 29, 1956.—The second account of Provident Trust Company of Philadelphia, Jonathan S. Wilford and E. Burke Wilford, substituted trustees for Jonathan S. Wilford, under the will of Evelyn S. Wilford, was confirmed nisi on April 8, 1947. Objections were filed thereto and, after dismissal thereof, the account was confirmed absolutely on April 15, 1948. On June 24, 1949, the Supreme

Court of Pennsylvania handed down its decision in Crawford Estate, 362 Pa. 458. On January 15, 1953, the third trustees' account was filed and listed for audit in March 1953. On April 13, 1953, Jonathan S. Wilford, life beneficiary and a cotrustee of the trust, filed his petition requesting a review of the adjudication of the second trustees' account.

Samuel H. High, Jr., guardian ad litem for minors and trustee ad litem for all unborn and unascertained persons, filed an answer in which he urged that the petition for review be dismissed, alleging that petitioner was guilty of laches. Provident Trust Company, a cotrustee, filed an answer raising preliminary objections. These preliminary objections were dismissed by Holland, P. J., on November 23, 1953 (Wilford Estate, 70 Montg. 83), and Provident Trust Company was directed to answer on the merits. Provident filed its answer, but a determination of the matter was, by agreement, delayed because the petition raised apportionment problems of capital gains, stock dividends and stock rights similar in kind to objections which Mr. Wilford, this petitioner, had filed to the third account. Moreover, Warden Trust, 382 Pa. 311, was then pending in the Supreme Court of Pennsylvania and it was agreed that the apportionment matters concerning both accounts should be continued until such time as the Supreme Court of Pennsylvania had finally determined Warden Trust and the applicability, if any, of the Uniform Principal and Income Acts of May 3, 1945, P. L. 416, and July 3, 1947, P. L. 1283, to trusts created prior to those acts.

The single matter now for determination on the second account, however, is whether review of the second account should be granted. If review is granted and the adjudication opened, then the apportionment problems are ripe for decision. On the other hand, if review of the second account is denied, that terminates

this phase of the litigation. The apportionment problems raised by objections to the third account will be disposed of in a separate adjudication.

The petition for review in this case was filed two days short of the five year limitation period provided by the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 983(7). The gravaman of the petition is set forth in paragraph 13 which avers that "equity and justice require a review since your petitioner did not file exceptions or claim for apportionment at the time in view of the provisions of the Uniform Principal and Income Act of May 3, 1945, P. L. 416, and the Uniform Principal and Income Act of July 3, 1947, P. L. 1283, which were in effect at the time this account was filed and adjudication, but said act or acts were subsequently declared unconstitutional by the Supreme Court of Pennsylvania as applied retroactively to trusts created prior to their enactment. This trust was prior". It is conceded that the assets now sought to be allocated to income are still in the hands of the trustees and no distribution has been made of them.

I conclude that the petition should not be allowed because petitioner is guilty of laches and for the further reasons that: (1) Petitioner has failed to allege any facts which were not available when the account presently challenged was audited; and (2) it is not alleged that there exist mistakes of fact or of law apparent on the record itself. Petitioner delayed almost four years after Crawford Estate, 362 Pa. 458 (June 24, 1949), before filing his petition for review on April 13, 1953, and he has failed to assign any clear and satisfactory reason for the delay.

"Under §48 of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides for petitions of review to correct errors in an account, auditor's report, or adjudication, it is settled that such review will be granted as of right only (1) where there are errors of law

appearing upon the face of the record; (2) where new matter has arisen since the confirmation of the account or decree; (3) where justice and equity require a review and no person will suffer thereby": Osterling Estate, 337 Pa. 225, 10 A. 2d 17 (1940).

Petitioner has submitted no considerations which move the court in the circumstances disclosed by this record under either (1), (2) or (3) above to grant the petition. As a matter of fact, the questions which are now raised could have been presented at the audit of the trustees' account in 1948, for all the relevant facts were then known or available to petitioner. As stated in Scott's Appeal, 112 Pa. 427, 437; "Something is due to the finality of judicial proceedings." See Gottschalk's Estate, 344 Pa. 125.

Audit of an accounting is a formal legal proceeding which provides a time and place for beneficiaries and other parties in interest to appear and express any objections they have to the administration and management of a fiduciary's estate.

"Failure to appear and object at the audit operates as a conclusive bar to the raising at a later date all objections which could have been made at the audit. . . .

"It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account, to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate. All beneficiaries are chargeable not only with such information as was known to them at the time of the audit but also with what they could have discovered by exercising reasonable diligence": Mershon Estate, 364 Pa. 549, 551.

It is interesting to observe, in passing, although the following does not constitute the basis of my decision in dismissing the petition, that Jonathan S. Wilford was not only a cotrustee but that he signed the ac-

count as being "just and true" and also joined in the prayer of the petition for adjudication, and the awards so requested were made in the adjudication. He now challenges as error those awards which he requested: Cf. Breyer Estate, 349 Pa. 622.

The discretion to be exercised in situations disclosed by this record should be exercised cautiously and sparingly and only in circumstances which demonstrate it to be indispensable to the merits and justice of the cause. I find no such impelling circumstances in this case.

*Order*

And now, February 29, 1956, the petition for review is dismissed.