401 A.2d 746

IN RE TRUST UNDER DEED OF Joe LA ROCCA, Dated February 1, 1954.

APPEAL of Joe LA ROCCA and Industrial Valley Bank.

Supreme Court of Pennsylvania.

Submitted April 19, 1979.

Decided May 31, 1979.

Paul Baker Bartle, High, Swartz, Roberts & Seidel, Norristown, for appellant.

Julius La Rocca, in pro per.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In 1954 Joe La Rocca created an inter vivos trust for the benefit of his grandson Julius La Rocca. The trust deed provided that Julius was to receive all the income from certain real property in Montgomery County until he reached the age of twenty-one, at which time he would receive the trust principal.

In 1963 this Court rejected Joe La Rocca's claim that despite the express terms of the trust he intended to retain for himself the trust income until his grandson reached the age of twenty-one. *La Rocca Trust*, 411 Pa. 633, 193 A.2d 409 (1963). Thereafter, in 1965, this Court surcharged Joe La Rocca for income which he improperly retained since September 30, 1963. *La Rocca Trust*, 419 Pa. 176, 213 A.2d 666 (1965). A later appeal involved a separate question of counsel fees to the attorney representing the guardian of Julius La Rocca. *La Rocca Estate*, 431 Pa. 542, 246 A.2d 337 (1968).

The present appeal is by Joe La Rocca, settlor-trustee, and the Industrial Valley Bank ("IVB"), a co-trustee since 1964, from the en banc decree of the Orphans' Court of Montgomery County denying the exceptions to the adjudication confirming the trust account.

In its adjudication the auditing court sustained an objection by Julius La Rocca that the trustees acted improperly in continuing to employ a rental agent after the appointment in 1964 of IVB as co-trustee. The auditing court held that IVB should have assumed this role and accordingly surcharged both trustees in the sum of $1,663.45 which had been paid in commissions to the rental agent. Eight more objections were dismissed. Decision on the beneficiary's first objection, however, was expressly withheld. This as yet undecided objection questioned the delay in paying the surcharge ordered by this Court in 1965. The beneficiary claimed that interest is owing on this surcharge for the period between September 30, 1963, the date upon which the surcharged amount became due, and January 5, 1967, when the surcharge was finally paid. In reversing decision on this claim, the adjudicating court directed the trustees to file accounts "even if . . . [the] accounting shows only a 'nothing-nothing' account so far as its receipts and expenditures were concerned during that period."

The trustees filed exceptions to the adjudication claiming that the auditing court erred both in surcharging the trustees for commissions paid to the rental agent and in directing any further accounting. The orphans' court en banc overruled the exceptions and the trustees filed this appeal. The trustees now challenge the surcharge and the direction to account for the period from September 30, 1963, to January 5, 1967. We affirm.

■ The auditing court found that after IVB was appointed as co-trustee in 1964 the employment of a rental agent to collect rentals from the trust property was unnecessary and unjustified. The auditing court stated:

"The Auditing Judge is constrained to agree with objector, at least on the inadequate state of the present record to disclose any reason why the services of a collection agent were necessary after January 23, 1967. The subject real estate was not a multi-tenanted structure with complex or difficult and burdensome functions to be performed in the landlord-tenant relationship. So far as the record discloses, such duties as collecting the rent on a

regular basis and seeing to routine repairs and maintenance of the premises, the only ones apparently involved, could just as well have been accomplished by corporate accountants' own real estate department, functions which it did in fact apparently perform during an interval of a few months in 1969. In short, while the actual facts may have been otherwise, the Auditing Judge has been informed of absolutely nothing done by accountants themselves, or required by any unusual circumstances of the property, which would warrant the charging of both these rental commissions as well as their own full 5% income commissions on all income, including $40,217.75 in rents received during the subject interval."

The trustees argue that the employment of the rental agent, even after the appointment of IVB, was a reasonable step to assure that the trust property remained productive. While we do not dispute the power of a trustee in general to employ an agent where reasonably necessary in administering a trust estate, Restatement (Second) of the Law of Trusts § 188, comment *c* at 411 (1959), the auditing court here found, after carefully weighing the evidence before it, that the expenditures for the commissions of the rental agent were unnecessary and improper in the circumstances of this case. This Court clearly stated in *Cohen Will,* 445 Pa. 549, 550, 284 A.2d 754, 755 (1971):

"[I]n reviewing the decision of the orphans' court, our task is to assure that the record is free from legal error and to determine if the chancellor's findings are supported by competent and adequate evidence, and are not predicated upon capricious disbelief of competent and credible evidence."

Accord *Holtz Will,* 422 Pa. 540, 544, 222 A.2d 885, 888 (1966); *Hunter Will,* 416 Pa. 127, 136, 205 A.2d 97, 103 (1964). Further, it must be emphasized that in reviewing the findings of the auditing court

"[T]his Court does not sit as a trier of issues of fact, expecting to be persuaded that one or the other side is more credible. That is only a task for a trial court and we would never invade that area of the judicial process."

*Reed v. Universal C.I.T. Credit Corporation,* 434 Pa. 212, 217, 253 A.2d 101, 104 (1969). The findings here are supported by the record and the surcharge in the amount of $1,663.45 for commissions paid to rental agents was proper.

The trustees' remaining contention that the auditing court erred in directing them to file an accounting for the period between September 30, 1963, and January 5, 1967, is not now reviewable in this Court. The auditing court expressly reserved decision on the merits of the beneficiary's claim that the trustees should pay interest on the delayed payment of the surcharge previously ordered by this Court in 1965. In directing the filing of supplemental accounts, the auditing court merely sought to develop the record before it and to facilitate a decision on the reserved objection. The court gave no instructions and imposed no restrictions on the contents of the accounts to be filed, and by ordering the accounts did not finally dispose of the merits of any claim. Compare *Parmer's Estate,* 237 Pa. 229, 85 A. 148 (1912), with *Brose Estate,* 423 Pa. 420, 223 A.2d 661 (1966); *In re Gramm's Estate,* 420 Pa. 510, 218 A.2d 342 (1966). The order to file supplemental accounts is interlocutory and hence is not a proper subject of this appeal.

Decree affirmed. Costs to be paid by appellants.