451 A.2d 557

**In re Elizabeth MANLEY, an Incompetent.**

**Appeal of George RUGGIERI, Intervenor.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1981.

Filed Oct. 8, 1982.

Thomas P. Mohr, West Chester, for appellant.

William Scott, Coatesville, for appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

334

## PER CURIAM:

This appeal arises from an Action for Order of Court brought by the guardian of Elizabeth Ann Manley, an incompetent, pursuant to Sections 5521(23) and 5155(1) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§ 5521(23), 5155(1).[1] In that action, the guardian seeks court permission to sell real estate belonging to the incompetent's Estate. Appellant is George Ruggieri, an intervenor and prospective purchaser of the real estate. He appeals from the Orphans' Court order of November 13, 1980 issued in response to Petition to Intervene filed by appellee Leonard Giunta, another prospective purchaser of the same property.

█ The order of November 13, 1980 states in pertinent part: "... we grant the Petition to Intervene to the extent necessary to permit Leonard Giunta, George Ruggieri, and any other interested party to present bids, and we direct that counsel propose an acceptable procedure for receiving and evaluating bids ..."[2] Because we conclude that this order is not a final order, we quash the appeal.[3]

1. 20 Pa.C.S.A. § 5521(23) reads:
   The provisions concerning the powers, duties and liabilities of guardians of incompetents' estates shall be the same as those set forth in this code relating to personal representatives of decedents' estates and guardians of minors' estates with regard to the following: ...
   (23) Order of court, as in section 5155 (relating to order of court).
   20 Pa.C.S.A. § 5155(1) reads:
   Whenever the court finds it to be for the best interests of the minor, a guardian may, for any purpose of administration or distribution, and on the terms, with the security and after the notice directed by the court:
   (1) sell at public or private sale, pledge, mortgage, lease or exchange any real or personal property of the minor. . . .

2. The order was filed in the Court of Common Pleas of Chester County on November 14, 1980.

3. Although neither party has moved to quash the appeal, this Court may raise this issue *sua sponte*. *Jones v. Crossgates, Inc.*, 220 Pa.Super. 427, 289 A.2d 491 (1972).

The relevant facts are the following. On July 7, 1977, Elizabeth Ann Manley entered into a written agreement with appellant Ruggieri wherein she granted him a "right of first refusal" if and when she might decide to sell her real estate at 520 Maple Avenue, West Goshen Township, PA. In January 1980, the Orphans' Court declared Ms. Manley incompetent and named her niece Christine Campbell as her guardian. The Estate subsequently entered into negotiations with appellant Ruggieri for sale of the real estate to him. Before the results of these negotiations were formalized in a written contract of sale, appellee Giunta, through counsel, contacted the Estate and expressed an interest in purchasing the property. Giunta's counsel was told that he need not submit an offer, because agreement had already been reached for the sale of the real estate to appellant Ruggieri.

On June 12, 1980, the guardian executed an Agreement of Sale for the real estate with appellant Ruggieri for the price of $73,000.00.[4]

On July 29, 1980, the guardian petitioned the Orphans' Court for an Order of Court to allow the sale of the real estate to appellant Ruggieri. On August 7, 1980, before any hearing on this petition had been held, appellee Giunta filed a Petition to Intervene, alleging inter alia that he was willing to offer $80,000.00 for the real estate, and that his earlier offers to purchase the property had not been considered by the Estate. After a hearing, the Orphans' Court issued the November 13, 1980 order that is the subject of this appeal.

We note at the outset that the Orphans' Court did not by its order permit appellee to intervene as a party in the

4. The Agreement of Sale executed June 12, 1980 between the guardian and appellant Ruggieri states, at paragraph 4 of the Second Addendum to Agreement: "This sale of PREMISES and the settlement hereunder shall be contingent and conditioned upon the occurrence of the following events: a. SELLER obtaining approval of the Court of Common Pleas Of Chester County, of this Agreement of Sale, if required by said Court in any proceedings concerning Elizabeth Ann Manley . . . . "

Order of Court proceeding. In effect, the court denied the Petition to Intervene, but *sua sponte* granted permission to appellee and other interested persons to submit bids on the property.[5]

Section 5521(23) of the Probate, Estates and Fiduciaries Code confers broad supervisory powers on the Orphans' Court with regard to the sale by guardians of real property belonging to the Estate of an incompetent. Under Section 5521(23), which incorporates PFC Section 5155(1), guardians are empowered to sell real property belonging to the Estate when the court determines that the sale is in the best interests of the incompetent.[6] 20 Pa.C.S.A. §§ 5521(23), 5155(1). Pursuant to this supervisory authority, the Orphans' Court is empowered to permit potential bidders on real property belonging to an incompetent's estate to present relevant evidence in a proceeding for an Order of Court concerning whether a proposed sale of such real property is in the incompetent's best interest.

■■■ It is well settled that orders which are not final are generally not appealable. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).[7] In deciding whether an order permitting such testimony is final, this court considers whether the practical effect of such order is to put the appellants "out of court." *Alessandro v. State Farm Mut. Auto. Ins. Co.,* 487

**5.** Ordinarily, an order permitting intervention is interlocutory and not appealable. *Sailor Planning Mill & Lumber Company v. Moyer,* 35 Pa.Super. 503 (1908); 15 A.L.R.2d 333; cf. *Richard Held Builders v. A.G. Allebach,* 266 Pa.Super. 101, 403 A.2d 113 (1979).

**6.** Cf. Section 5521(24) incorporating Section 3355. 20 Pa.C.S.A. §§ 5521, 3355. Section 3355 states that the court "*on its own motion* or upon application of any party in interest, *in its discretion,* may restrain a guardian from making a sale under an authority not given by the governing instrument or from carrying out any contract of sale made by him under an authority not so given." (emphasis added.)

**7.** An order granting appellee the right to present a bid in a proceeding for an Order of Court, 20 Pa.C.S.A. §§ 5521, 5155(1), does not fall within any of the exceptions enumerated in Rules 311(a–c) of the Pennsylvania Rules of Appellate Procedure, Pa.R.App.R. Nos. 311(a), 311(b), 311(c).

Pa. 274, 409 A.2d 347 (1979). The instant order, which permits appellant, appellee and others to present bids for the real estate to the court, does not put appellant out of court. The order is in the nature of an evidentiary ruling, determining factors that the Orphans' Court proposes to consider in deciding the merits of appellant's petition for an Order of Court. *In Re Trust Under Deed of La Rocca,* 485 Pa. 236, 401 A.2d 746 (1979) (where auditing court sought to develop the record before it and to facilitate decision on the reserved objection, order that accounts be filed did not dispose of the merits of any claim); Cf. *Philadelphia Nat. Bank v. Lutherland, Inc.,* 286 Pa.Super. 48, 428 A.2d 232 (1981). The Orphans' Court ruling on the Petition to Intervene in no way terminates the litigation or disposes of the entire case. *In Interest of C.A.M.,* 264 Pa.Super. 300, 399 A.2d 786 (1979).

Since the lower court's order is not final, we quash this appeal.