453 A.2d 329

**In re ESTATE OF Bernard P. LITOSTANSKY, Deceased.**

**Appeal of John A. LITOSTANSKY, Administrator.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1982.

Decided Dec. 20, 1982.

James A. Schneider, Hazleton, for appellant.

Kenneth R. Bayless, Hazleton, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF COURT

HUTCHINSON, Justice.

Appellant, administrator of this estate, appeals a May 2, 1980 Order of the Luzerne County Court of Common Pleas directing him to pay interest to appellees, administrators of the estate of decedent's surviving spouse. The sole issue here is whether the Common Pleas Court erred in ordering the payment of interest after confirmation of an account directing distribution without interest where neither exceptions nor an appeal was filed.

The claims for interest had been raised on April 16, 1979, prior to the first and final account, by way of appellees' petition for a citation directing appellant to show cause why he should not file an account. On May 22, 1979, before hearing on the citation, appellant filed his first and final account, proposing distribution without interest. On November 1, 1979, the trial court dismissed appellees' objections to that account and the account was audited.[1] The

---

1. The objections did not raise the failure to include interest.

trial court confirmed the account absolutely on December 10, 1979 and ordered distribution without interest. Appellees did not file exceptions to the trial court's order of December 10, 1979. Moreover, they did not appeal.

Appellant tendered distribution in accordance with the Order of Distribution but appellee refused to accept it because it did not include interest. On May 2, 1980, after confirmation of the account, the Court of Common Pleas ordered payment of interest on the proceeds of the widow's family exemption and on the balance due on her distributive share under the intestate laws.[2]

■ We hold the order confirming the account and ordering distribution without interest became final when no appeal was timely filed. The failure to appeal from a final order renders the doctrine of res judicata applicable. *Crozer Estate,* 346 Pa. 446, 31 A.2d 147 (1943). *See also Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 487 Pa. 266, 409 A.2d 343 (1979); *Love v. Temple University,* 422 Pa. 30, 220 A.2d 838 (1966).

Moreover, section 3521 of the Probate Code,[3] authorizing the court to entertain a petition to review within five years of confirmation does not help appellees.[4] Section 3521 provides:

If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged

**2.** The order for payment of interest was entered on appellees' petition for a citation directing appellant to show cause why interest should not be paid, apparently without according appellees a hearing. The petition is not designated a petition to review and does not set forth the authority for its filing.

**3.** Act of June 30, 1972 P.L. 508, No. 164 § 2, 20 Pa.C.S. § 3521.

**4.** Unlike *In Re Trust Under Deed of La Rocca,* 485 Pa. 236, 401 A.2d 746 (1979) the auditing court here did not expressly reserve decision on the merits of the beneficiary's claim that the trustee should pay interest on the delayed payments. Accordingly, the December 10, 1979 confirmation was a final order.

errors therein, the court shall give such relief as equity and justice shall require: Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, finding of fact and of law as to the entire controversy, in pursuance of which a final order may be made.

In *Osterling's Estate,* 337 Pa. 225, 10 A.2d 17 (1940), *cert. denied,* 309 U.S. 689, 60 S.Ct. 892, 84 L.Ed. 1032 (1940), this Court interpreted the predecessor to section 3521 which was substantially the same as the present provision. The *Osterling* Court held such petitions to review are not a substitute for filing exceptions. Moreover, the *Osterling* Court held that a petition to review will be granted only (1) where there are errors of law appearing on the face of the record; (2) new matters have arisen since the confirmation of the account; or (3) where justice and equity require a review and no person will suffer thereby.[5] Accordingly, the *Osterling* Court refused to surcharge the executors for payment of allegedly excessive commissions and counsel fees where the beneficiary failed to seek relief by appeal from the adjudications of the Orphans' Court. As the Court in *Osterling* stated:

There was available to the beneficiary in this estate a proper remedy by exception and appeal from the decrees of the court below, and to substitute now in the place thereof a review of all the accounts filed and adjudicated, and to jeopardize the propriety of the distributions made thereunder, would be violative of the rule that the period for exception and appeal cannot be enlarged or renewed by a petition for review. Such would be the effect of the granting of the petitions in the present case: *Sherwood's*

5. *See also Troutman's Estate,* 270 Pa. 310, 113 A. 405 [1921]; *Willing's Estate,* 288 Pa. 337, 135 A. 751 [1927]; *Bailey's Estate,* 291 Pa. 421, 140 A. 145 [1927]; *Reamer's Estate,* 331 Pa. 117, 200 A. 35 [1938].

*Est.,* 206 Pa. 465 [56 A. 20]; *Troutman's Est., supra; Bailey's Est., supra Turnbull's Est.,* 88 Pa.Superior Ct. 482. *Id.,* 337 Pa. at 229, 10 A.2d at 19.

Whatever questions about our scope of review on petitions under section 3521 may remain open because of the plurality opinion in *Estate of Bell,* 463 Pa. 109, 343 A.2d 679 (1975), there is no authority for the proposition that a party may raise an issue of which he knew prior to final adjudication, by way of petition to review under section 3521.

Here, although appellees asked for interest in their petition for a citation to account they failed to pursue the issue in their objections to the account, at audit, or by filing exceptions to the adjudication. They were not free to revive it under section 3521.

The Order of the Court of Common Pleas of Luzerne County directing appellant to pay interest to appellees on the sums awarded them in the Order of December 10, 1979 is reversed.