## Larmer Estate

*Robert McQuaide,* for Estate/Shirley B. Lefler, Executrix.

*Maria Rush Cook,* for Mary Price.

KUHN, *J.,* January 29, 1987—The record and the uncontroverted facts reveal the following scenario. Andrew Jackson Larmer died January 29, 1982, and on February 2, 1982, letters testamentary were granted to Shirley B. Lefler, one of decedent's daughters. Almost immediately Mary K. Price, another daughter of decedent, retained attorney Eugene R. Hartman to investigate and review her father's estate and to file objections to the accounting, if necessary.

On February 16, 1983, the executrix filed her first and final account. In early March 1983, Price dismissed attorney Hartman and retained attorney Harry Stonesifer to represent her interests. The account was called in open court on March 28, 1983, and passed for one month at attorney Stonesifer's request. Without further motions, exceptions or objections being filed, the account was confirmed on April 29, 1983. No appeal was taken.

On December 1, 1983, Price, through then-attorney Gordon A. Roe, filed a petition for citation for review and to show cause why the estate should not be reopened to discover additional assets. Therein she alleges that numerous items of tangible personal property, stocks, and bonds were not reported by the executrix. She avers that (1) the executrix failed to perform a complete search and inventory, or (2) that these assets were transferred prior to the death of the decedent as a result of fraud, duress, coercion or undue influence not properly investigated by the executrix. Furthermore, she states that neither Mr. Hartman nor Mr. Stonesifer would file objections on her behalf.

The executrix filed an answer denying her failure to properly account for her father's estate.

On June 30, 1986, the executrix filed a motion for summary judgment. Affidavits were filed in support of and in opposition to the motion. That motion is now before the court for disposition.

Rule 3.1 of the orphans' court rules and Pa.R.C.P. 1035 allows for summary judgment when the pleadings and affidavits considered together reveal no genuine issue of any material fact, and the moving party is entitled to a judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact exists. Judgment is granted only in cases where the right is clear and

free from doubt. The evidence must be reviewed most favorably to the nonmoving party, and any doubts must be resolved against the entry of judgment. *Long John Silver's Inc. v. Fiore,* 255 Pa. Super. 183, 189, 386 A.2d 569, 572 (1978). Notwithstanding that cautionary language, we are of the opinion that Price's petition falls within the bounds of the area where summary judgment must be entered on the issue of her right to have the account opened.

The initial issue for review is the applicability of section 3521 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §3521, which provides,

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require provided that no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made."

The orphan's court has always been inherently endowed with all the powers of a court of equity. *In Re Estate of Burger,* 425 Pa. 395, 399, 229 A.2d 463, 466 (1967). Review of its own decrees is a form of equitable relief. *Lucey Estate,* 14 D. & C. 2d 757, 761 (1958). However, this power has been limited by section 3521 and its predecessors. Such review will be granted only where (1) there are errors of law appearing upon the face of the record, (2) new

matter has arisen since the confirmation of the account or decree, or (3) justice and equity require a review and no person will suffer thereby. *In re Osterling's Estate,* 337 Pa. 225, 227-8, 10 A.2d 17, 18 (1940); cert. denied 309 U.S. 689, 60 S.Ct. 892, 84 L.Ed. 1032 (1940); *In re Pincus Estate,* 378 Pa. 102, 108, 105 A.2d 82, 85 (1954).

Price's petition does not allege an error of law nor does it suggest the uncovering of new matter since confirmation of the account. Therefore, we must be convinced that justice and equity require a review before exercising our discretion in granting the petition.

It is the affirmative duty of all competent beneficiaries to make diligent inquiry concerning the fiduciary's conduct and management of the estate. They are chargeable with information known to them before confirmation and that which could have been discovered by exercising reasonable diligence. *In re Mershon's Estate,* 364 Pa. 549, 551, 73 A.2d 686, 687 (1950). One cannot raise by way of a petition for review under section 3521 issues known to him prior to a final adjudication. *Estate of Litostansky,* 499 Pa. 321, 324, 453 A.2d 329, 331 (1982). It was never intended that a section 3521 review should be employed merely as a device to accomplish the belated filing of exceptions. *In re Pincus Estate,* supra., 378 Pa. at 109, 105 A.2d at 86.

As noted above, Price has alleged fraud, duress, coercion, undue influence and failure to perform on the part of the executrix. The petition for review does not aver that the executrix acted fraudulently, coerced or put undue influence on decedent prior to his death, rather only that she failed to discover and report these actions and the assets. Price's brief, however, argues that the petition alleges fraud by

the executrix. We will grant Price the benefit of the doubt on this matter.

Clearly, a court may direct a review of a decree of distribution of an estate if it was entered or induced through fraud. *Estate of Marushak,* 488 Pa. 607, 609, 413 A.2d 649, 651 (1980). While it is true that a petition alleging fraud without specificity is insufficient, it need not contain all the evidence in advance of its development at trial. *Estate of Gallagher,* 485 Pa. 62, 66, 400 A.2d 1312, 1314 (1979). Unlike the averments of fraud in *Gallagher,* the instant petition contains no more than a mere allegation of fraud, duress, coercion and undue influence. Even the inferences arising therefrom are insufficient.

Therefore, if Price had personal knowledge of her father's assets and directed her attorneys to file objections to the account, as she suggests, it would appear her petition seeks, in effect, to accomplish the filing, nunc pro tunc, of exceptions which could have been filed before confirmation. Price has not alleged that she was not given a copy of the account, that she was unaware of its contents, or that she was not notified of any proceeding. In fact, her counsel appeared and requested that the account be passed. If, being aware of these facts, she failed to direct counsel to file on her behalf, she has waived the opportunity for a review at this time.

However, Price argues that because her attorneys failed to follow her directives, justice and equity require a review of the account. We disagree. Neither counsel nor the court have been fortunate enough to find a case directly on point. Nevertheless, by analogy, we believe that reference to the rules regarding the opening of default judgments, opening judgments of non pros, and filing of appeals nunc pro tunc, is instructive.

Petitions to open default judgments, like petitions for review, are addressed to the court's equitable powers. *Dallmeyer v. Giroux,* 16 Ad. Co. L.J. 28, 30 (1974). Mistake or inadvertence of counsel will often justify opening a default judgment where a reasonable excuse for the default is offered. *Horan v. R.S. Cook & Assoc. Inc.,* 287 Pa. Super. 265, 268, 430 A.2d 278, 279 (1981). Unacceptable excuses include an attorney's carelessness or dilatoriness, a failure to act by one who knows its implications, or a deliberate decision not to defend. Acceptable excuses include the misplacement or mishandling of papers through no fault of the client or his attorney, or a clerical oversight resulting in an attorney being unaware of the suit from the outset. *Commonwealth Department of Transportation v. Nemeth,* 497 Pa. 580, 442 A.2d 689 (1982); *Keystone Boiler Works Inc. v. Combustion & Energy Corp.,* 294 Pa. Super. 145, 439 A.2d 792 (1982); *St. Joe Paper Co. v. Marc Box Co. Inc.,* 260 Pa. Super. 515, 394 A.2d 1045 (1978).

In *Vorhauer v. Miller,* 311 Pa. Super. 395, 457 A.2d 944 (1983), the court refused to vacate a judgment of non pros where original counsel did not protect his client's interests. The petitioner argued that the frailties of attorneys should not be vested upon their clientss. The court replied:

"Although we empathize with counsel, we do not attribute a talismanic quality to the importuning that clients should not be held accountable for their counsel's (in)action. 'To hold otherwise would reduce the provisions for entering a [default judgment] to a nullity, since . . . [counsel] could always avoid [it] by merely . . .' arguing justice would not be served by penalizing clients for their attorneys' conduct." 311 Pa. Super. at 402, 457 A.2d at 948.

Likewise, in *Rotham v. Fillette,* 503 Pa. 259, 469 A.2d 543 (1983), the court denied a petition to strike a discontinuance where counsel settled a suit, cashed the proceeds, and discontinued the action without the client's knowledge. The court reasoned that where there is a choice of who must suffer loss resulting from an attorney's unfaithful performance, it must be initially borne by the person retaining the lawyer and not by the innocent party.

Finally, in *Hentz v. Civil Service Commission of Philadelphia,* 85 Pa. Commw. 358, 481 A.2d 998 (1984), the court denied a request to allow an appeal to be filed nunc pro tunc where counsel had fraudulently and falsely informed the client that an appeal had been filed timely. The court noted that where the attorney's conduct is nonnegligent the appeal nunc pro tunc will be permitted because there exists no reason for penalizing a client for the conduct of his attorney where the conduct, because of its nonnegligent character, was not itself actionable. Fraudulent conduct, like negligent conduct, however, is actionable, and any injury resulting to the client may be remedied by appropriate legal action. The court reasoned that:

"As is the case in delays caused by negligent conduct of attorneys, a policy of extending appeal times on the basis of a fraud or misconduct of a party's own attorney would tend to encourage such abuses, and could not, therefore, be logically supported." 85 Pa. Commw. at 361, 481 A.2d at 1000.

Assuming that Price did instruct her attorneys, as indicated, she has not alleged a reasonable excuse for their failure to proceed on her behalf. Instead, she avers a deliberate decision not to proceed. The record reveals no allegation that the executrix did anything to prevent Price from filing exceptions or objections. Therefore, as between the estate and

Price, the latter must bear the initial loss, if any, resulting from her attorney's alleged unfaithful service. If counsel improperly ignored Price's requests, then her injury can be resolved through legal action against her counsel.

The aim of the law is to give finality to the adjudication of the accounts of fiduciaries. *Pincus,* supra., 378 Pa. at 109, 105 A.2d at 68. This policy would be eroded by allowing the instant petition to proceed further. Based on the case law cited above, Price has not set forth a genuine issue of material facts which, on principles of justice and equity, would allow her petition.

Finally, in the motion for summary judgment filed by the executrix, she claims, for the first time, entitlement to an award of counsel fees by virtue of the Act of July 9, 1976, P.L. 586, §2, 42 Pa. C.S. §2503. She avers that the petition for review was filed in bad faith and that Price's actions have been dilatory, obdurate, or vexatious. Price filed no answer to the motion.

As a general rule, attorney's fees are not an item of taxable costs, 42 Pa.C.S. §1726, except as authorized by section 2503. The latter section provides in relevant part that:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . .

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

. . .

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious

or in bad faith."

Under Section 3 of the Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa.C.S. 1903, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage." From Webster's New Collegiate Dictionary (1979) and Webster's New Encyclopedia International Dictionary (1975) these words are defined as follows:

a. dilatory — tending or intended to cause delay;

b. obdurate — stubbornly persistent in wrong doing or resistant to persuasion or softening influences;

c. vexatious — intended to harass, or instituted without sufficient grounds and serving only to cause annoyance;

d. arbitrary — based on random or convenience selection or choice rather than reason or nature.
See *In re Estate of Roos,* 305 Pa. Super. 86, 451 A.2d 255 (1982).

Bad faith has been defined as fraud, dishonesty or corruption. *Frick v. McClelland,* 384 Pa. 597, 600, 122 A.2d 43, 45 (1956).

The executrix has the burden of proving by a preponderance of the evidence that Price's conduct satisfies the requirements of section 2503. *Estate of Roos,* supra.

We do not believe that we can summarily dispose of this issue at this time. There are genuine issues of material fact concerning this question. Either party may request a hearing upon the estate's claim for counsel fees.

Accordingly, we enter the following

## ORDER

And now, this January 29, 1987, the motion for summary judgment filed by the executrix is hereby

granted except with respect to the request for attorney's fees. Petitioner is granted 20 days in which to file an amended petition. If an amended petition is not filed, the executrix shall have an additional 20 days to petition for a hearing on the issue of counsel fees. Failure by executrix to so petition will result in this issue being automatically dismissed.