J-S25025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.N.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.A.P., JR. | : | |
| | : | No. 2085 MDA 2018 |
| v. | : | |
| | : | |
| S.P. | : | |
| | : | |

Appeal from the Order Entered November 27, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2014-CV-05992-CU

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MURRAY, J.:          **FILED: MAY 24, 2019**

M.N.K. (Mother) appeals from the November 27, 2018 order granting the amended petition of S.P. (Paternal Grandmother) to intervene in custody and be added as a party to this action as an intervenor.  After careful review, we quash the appeal because it was not taken from an appealable order.

Mother and T.A.P., Jr. (Father) are the parents of a minor child, J.J.K. (Child), born in April 2014.  In July 2014, Mother filed a complaint in custody. In August 2014, the court granted joint legal custody to Mother and Father, with Mother having primary physical custody and Father having partial physical custody.  A second custody order was entered in September 2014, providing for the same custody but with an adjusted schedule.

On June 7, 2018, Mother filed a petition to modify custody due to her concerns with Father's drug use, recent incarceration, and extensive criminal history following the entry of the September 2014 order. *See* Pet. to Modify Custody, 6/7/18, at 1-4. While the petition was pending, Paternal Grandmother filed a petition seeking to intervene. *See* Pet. to Intervene in Custody, 6/25/18, at 1-4. Mother filed an answer in opposition. *See* Answer to Pet. to Intervene, 7/26/18, at 1-5. In August 2018, Paternal Grandmother filed a petition for special relief, which the trial court denied. *See* Pet. for Special Relief 8/10/18, at 1-3; Order, 8/13/18, at 1.

On September 26, 2018, Paternal Grandmother filed an amended petition to intervene in which she claimed: 1) pursuant to 23 Pa.C.S.A. § 5325, she had standing to bring the petition because her relationship with Child began with the consent of both parents; and 2) during Father's periods of custody, Paternal Grandmother acted *in loco parentis* to Child.[1] ***See*** Amended Pet. to Intervene, 9/26/18, at 1-3. The petition further averred that Father was incarcerated, and Paternal Grandmother wished to continue exercising Father's periods of partial physical custody. *Id.* Mother again filed an answer in opposition. *See* Answer to Pet. to Intervene, 10/19/18, at 1-5.

Following a hearing, the trial court on November 27, 2018 entered an order granting Paternal Grandmother standing to intervene. On December

---

[1] Presumably, Paternal Grandmother is referencing 23 Pa.C.S.A. § 5324(2), although she did not cite this provision.

21, 2018, Mother filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] On December 24, 2018, Mother filed a notice of appeal.

On appeal, Mother presents two issues:

A. Did the trial court err in granting Intervenor, [S.P.], the right to intervene in the underlying custody action under 23 Pa.C.S. § 5324?

B. Did the trial court err in granting Intervenor, [S.P.], the right to intervene in the underlying custody action under 23 Pa.C.S. § 5325?

Mother's Brief at 2.

Our review reveals that we may not reach the merits of Mother's issues. The November 27, 2018 order from which Mother appealed is not appealable. We note that appealability goes directly to our jurisdiction, and we may raise the issue *sua sponte*. **See K.W. v. S.L.**, 157 A.3d 498, 501 (Pa. Super. 2017). This appeal, having been filed from an order granting standing in a custody matter, is interlocutory and unappealable. **See J.A.F. v. C.M.S**., 164 A.3d 1277 (Pa. Super. 2016); **see also In re Manley**, 451 A.2d 557 (Pa. Super. 1982) (order granting intervention is interlocutory and unappealable). **Compare**, Pa.R.A.P. 341 and notes (stating that orders **denying** intervention

_____

[2] As this is a Children's Fast Track appeal, Mother should have filed her concise statement of errors on appeal and notice of appeal simultaneously. **See** Pa.R.A.P. 1925(a)(2)(i) and (b). However, while Mother's initial filing was defective, we need not dismiss this appeal for that reason, because Mother shortly thereafter filed her notice of appeal, there was no allegation of prejudice from the late filing, and appellate review was not impeded. **See In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009).

may be appealable under Pa.R.A.P. 313).  Accordingly, Mother's appeal is not properly before us.

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019