J-A08042-20

2020 PA Super 112

| | | |
|---|---|---|
| IN RE: THE ESTATE OF RYAN WAGNER, A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RYAN WAGNER | : : : : : : : : | |
| | : | No. 848 EDA 2019 |

Appeal from the Order Entered February 12, 2019
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  No. 305MI of 2005

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

OPINION BY McCAFFERY, J.:                     **FILED MAY 11, 2020**

Ryan Wagner (Appellant) appeals from the Philadelphia Court of Common Pleas Orphans' Court's order sustaining preliminary objections and dismissing his petition alleging breach of fiduciary duty and seeking an accounting.  The Orphans' Court found that it lacked jurisdiction to grant the relief sought.  This matter presents the question of whether the limited power to act under 20 Pa.C.S. § 3521 permits courts to reopen estates that have been discharged because estate investments underperformed.  We determine that Section 3521 does not permit such reopening; thus, we affirm.

On March 28, 2005, the  Orphans' Court appointed Daniel L. Glennon, Esquire (Appellee) to serve as plenary guardian of Appellant's estate; Appellant was then a minor.[1]  Appellant reached the age of majority on

---

[1] The estate arose from a settlement of a wrongful death and survival action after the death of Appellant's mother.

January 20, 2014. On April 9, 2014, the parties filed a joint petition for discharge, and on May 8, 2014, the Orphans' Court granted it. The informal accounting filed with the petition indicated that the estate was initially worth $986,539, and had grown to $1,296,381 by the time the petition was filed.

On December 20, 2018, Appellant filed a petition for breach of fiduciary duty and an accounting. Appellant sought to claw back certain funds from Appellee, the appointed guardian, that were spent on two investments that failed to yield, although the estate as a whole gained in value during the guardianship. On February 8, 2019, the Orphans' Court sustained Appellee's preliminary objections and dismissed the petition. On March 14, 2019, Appellant filed a timely notice of appeal, and on April 5, filed a timely statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues:

1. Did the Orphans' Court commit a reversible error of law in determining that it lacked subject matter jurisdiction over Appellant's Petition for Breach of Fiduciary Duty and an Accounting?

2. Did the Orphans' Court abuse its discretion and/or commit a reversible error of law in its determination that Appellant did not specifically move for relief under 20 Pa.C.S. § 5163?

3. Did the Orphans' Court abuse its discretion and/or commit a reversible error of law in its determination that Appellant did not sufficiently allege a basis for review of the Decree of Distribution in that new matters had arisen, justice and equity so required, and that there was an error of law on its face?

4. Did the Orphans' Court commit a reversible error of law, where it determined that Appellant did not plead facts sufficient to establish a basis for surcharge?

Appellant's Brief at 4.

In its opinion, the Orphans' Court points out that the order of May 8, 2014 was a final order, and thus the doctrine of *res judicata* applied. Trial Ct. Op., 4/26/19, at 4. The only exception that would allow the Court to exercise jurisdiction is 20 Pa.C.S. § 3521.[2] Section 3521 allows a party in interest to, within five years of final confirmation of a personal representative's account, file a petition to review. 20 Pa.C.S. § 3521.

"[A]n order confirming an account and ordering distribution of an estate becomes final when no appeal is timely filed therefrom. The failure to appeal from a final order renders the doctrine of *res judicata* applicable." *In re Estate of Karschner*, 919 A.2d 252, 256 (Pa. Super. 2007) (quotation omitted). "[T]here is no authority for the proposition that a party may raise an issue of which he knew prior to final adjudication, by way of petition to review under section 3521." *In re Litostansky's Estate*, 453 A.2d 329, 331 (Pa. 1982). A surcharge cannot be imposed for a mere error in judgment; rather, it is imposed to compensate the beneficiaries for loss of estate assets due to the fiduciary's failure to meet his duty of care. *In re Estate of Westin*, 874 A.2d 139, 144 (Pa. Super. 2005).

Review of a confirmed account is generally restricted to scenarios where "(1) there are errors of law appearing on the face of the record; (2) new

---

[2] Section 3521 applies to minor's estates, per 20 Pa.C.S. § 5163.

matter has arisen since the confirmation of the account or decree; or (3) . . . justice and equity require a review and no person will suffer thereby." ***In re Jones***, 660 A.2d 76, 80 (Pa. Super. 1995) (citation omitted). The findings of the trial court, as a chancellor in equity, will not be disturbed "absent manifest error; we may modify the decree only if the findings upon which the decree rests are unsupported by the evidence or if there has been an error of law, an abuse of discretion or a capricious disbelief of competent evidence." ***Id.*** at 79.

Appellant argues that "new matter" has emerged in the form of new information about the poor-performing investments, including that a life insurance policy was term only, and thus if the insured person outlived the term, the investment would be a total loss.[3] Appellant's Brief at 23. Appellant also claims that a mortgage held by the estate was only disclosed after final accounting to have been a third mortgage, and thus subordinate to others. ***Id.*** at 24. Appellant further claims that equity and justice support review, and that the Orphans' Court erred in basing its discharge on an informal and incomplete account, thereby meeting the "error of law on the face of the record" requirement. ***Id.*** at 24-27. Appellant concedes that Appellee

---

[3] The insured person does not appear to be directly related to any parties to this litigation; the policy was an investment opportunity, similar to a viatical investment.

consulted with him and his father during the guardianship about the investments Appellant now contests. *Id.* at 8-9.

Appellee argues that the Orphans' Court correctly found its jurisdiction to be largely extinguished when no appeal was filed from the May 2014 order discharging him as guardian. Appellee's Brief at 10-11. Appellee points out that the estate as a whole generated significant income during his stewardship. *Id.* at 5, 19. He also contends that he explained in a letter, dated May 25, 2011, and addressed to Appellant's father, that the life insurance policy had a payout that was temporally limited and thus would yield only if the insured person died between the specified dates. *Id.* at 5.

Plainly, the contested investments did not work out as Appellant would have wished. That is not enough, however, to open an account that was entered upon a joint petition filed by Appellant and Appellee, to end Appellee's guardianship and vest Appellant with full control over his investments. We reiterate that most of the investments earned significant income during Appellee's term as guardian.[4] The Orphans' Court correctly applied *res*

---

[4] We make no comment about the efficacy or propriety of the investments made by the guardian. The time to have raised those issues was at the audit of the account. *See* Pa.O.C.R. 2.7(a) ("Objections to an Account . . . shall be filed with the clerk on or before the time and date of the audit in those counties holding an audit, and by a specified date in all other counties . . . ."). When an adult has the benefit of an accounting and signs off on it, without any proof of coercion or fraud, the auditing judge must assume that the late minor has no objection and is in fact satisfied with the accounting prepared by the

*judicata* and limited its inquiry due to the constrained nature of the Section 3521 lens, and correctly determined that preliminary objections should be granted and the petition dismissed because Appellant did not plead sufficient facts to establish jurisdiction under Section 3521.  Thus we affirm.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20

---

guardian.  **See** Pa.O.C. Rule 2.5(h)(4).  A change of heart does not provide cause for a petition for review.