J-S04043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ANNA P. FELTY REVOCABLE TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARILYN A. TEED | : : : : : : : | |
| | : | No. 2223 EDA 2025 |

Appeal from the Order Entered June 24, 2025
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  2021-X5015

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                    **FILED APRIL 9, 2026**

Marilyn A. Teed ("Marilyn") appeals *pro se* from the order entered on June 24, 2025 ("Adjudication"), in the Court of Common Pleas of Montgomery County Orphans' Court, affirming the First and Final Account of Anna P. Felty's revocable trust.  After careful review, we quash the appeal as untimely.

On May 8, 2008, Anna P. Felty ("Anna") executed a revocable trust, which was amended on July 29, 2009.[1]  Anna died on September 11, 2021, survived by her three children: Barbara J. Fletcher ("Barbara"), Marilyn, and Jay Robert Felty, Sr. ("Jay").  **See** Adjudication, 6/24/25, at 1.  In accordance with the terms of the Trust, Barabara and Marilyn were named co-trustees upon Anna's death.  **Id.**  The Trust further provides, "upon completion of trust administration, the remaining principal and interest is to be divided equally

_____

[1] The Anna P. Felty Revocable Trust dated May 8, 2008, as amended on July 29, 2009, is referred to herein as the "Trust."

among Anna's three children…." *Id.* By order of court dated March 21, 2021, Marilyn was replaced as co-trustee by her son, Jack J. Teed ("Jack"). *Id.* at 1-2.

On December 31, 2024, Barbara and Jack filed a first and final account ("Final Account"), to which Marilyn filed objections. *Id.* Following a hearing on May 13, 2025, the orphans' court entered its Adjudication on June 24, 2025, in which it overruled Marilyn's objections in part, sustained her objections in part, and confirmed the Final Account. *See id.* at 2-4; *see also id.* at 4 (directing "the [a]ccountants file a revised schedule of distribution in accordance herewith, and, after confirmation, pay the distributions herein awarded").[2] Accordingly, on July 2, 2025, Barbara filed a proposed schedule of distribution reflecting the orphans' court's Adjudication. *See* Proposed Schedule of Distribution, 7/2/25, at 1-4.

---

[2] The orphans' court further advised:

> A motion for reconsideration of this adjudication may be filed within twenty (20) days from the entry of the adjudication. An appeal from this adjudication may be taken to the appropriate appellate court within thirty (30) days from the entry of the adjudication. *See*[] Pa.[R.O.C.P.] 8.2[,] Montgomery County Local Rule 8.2A, and Pa.R.A.P. 902 and 903.

Adjudication at 5; *see also* Pa.R.O.C.P. 8.2, *Comment* ("The period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period."). The docket reflects notice of the adjudication was given to all interested parties pursuant to Pa.R.O.C.P. 4.6, on June 25, 2025.

In a letter submitted to this Court, "in lieu of filing a [Pa.R.A.P. 1925(a)] opinion," the orphans' court explained:

Following the issuance of the [June 24, 2025] Adjudication, on July 17, 2025[, Marilyn] filed a narrative rant entitled "objections" to the proposed schedule of distribution[,] which [Barbara] had filed on July 2, 2025[,] in accordance with the court's Adjudication.

Then, on July 22, 2025, [Marilyn] filed a document entitled "Objection to: ALL PROCEEDINGS … VOID FOR FRAUD" ([capitalization] in original)[,] which is another 2-page tirade excoriating [Marilyn's] family members as well as the trial court judge, [and] attempting to influence the Superior Court by offering her version of the evidence she failed to present at trial.[1] Despite the long-held tenet in this Commonwealth that *pro se* litigants are not entitled to special treatment[,][2] on August 7, 2025, we denied [Marilyn's] "objection" **without prejudice**, advising her that her filing did not comply with court rules relating either to objections or appeals, but **permitting her fourteen [(14)] additional days within which to file an appeal** in compliance with the Pennsylvania Rules of Appellate Procedure.[3]

[1] We note [Marilyn] presented no witnesses other than herself at trial.

[2] [**See**] **Commonwealth v. Lyons**, 833 A.2d 245 … ([Pa. Super.] 2003). In **Lyons**, the Superior Court held[:] "As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon an appellant. … Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id.** [at 251-52.]

Pa.R.A.P. 1925(a) Letter, 10/14/25, at 1-2 (some emphasis added).

_____

[3] **See** Order, 8/8/25 (denying Marilyn's objection "without prejudice to [her] right to file a proper appeal in accordance with all applicable court rules within fourteen (14) days of the date hereof").

- 3 -

On August 13, 2025, Marilyn filed a notice of appeal purporting to appeal from "an order entered on April 24, 2025[,] and reflected in the docket entries attached." Notice of Appeal, 8/13/25, at 1. However, the orphans' court's August 7, 2025 order was attached to the notice of appeal, and a review of the docket reveals that no order was entered on April 24, 2025. As such, this Court issued an order directing Marilyn to show cause why the appeal should not be quashed. *Per Curiam* Order, 1/15/26, at 1-2 (citing Pa.R.A.P. 301(a)(1) (providing no order of court shall be appealable until entered on the appropriate docket)). Marilyn filed a response, clarifying she is appealing from "the June 24, 2025 [o]rder…, which confirmed the First and Final Account." Response to Rule to Show Cause, 1/28/26, at § I ¶ 1;[4] *see also id.* at § I ¶ 2 (stating the reference in the notice of appeal to an April 24, 2025 order "was inadvertent and constituted a clerical error"); Docketing Statement, 10/29/25, at ¶ B (indicating the appeal is from the June 24, 2025 order). Thus, we treat this as an appeal from the orphans' court's June 24, 2025 Adjudication.

After the filing of Marilyn's notice of appeal, the orphans' court issued an order pursuant to Pa.R.A.P. 1925(b), directing her to file a concise statement of errors complained of on appeal. *See* Order, 8/28/25. To date, no Rule 1925(b) concise statement has been filed of record. As noted *supra*,

_____

[4] *See* Pa.R.A.P. 342(a)(1) ("An appeal may be taken as of right from … [a]n order confirming an account…."); *In re Estate of Wagner*, 232 A.3d 878, 880 (Pa. Super. 2020) ("An order confirming an account and ordering distribution of an estate becomes final when no appeal is timely filed therefrom.").

- 4 -

the orphans' court submitted a letter to this Court on October 14, 2025, in lieu of filing a Rule 1925(a) opinion. Therein, it stated the court's reasoning for its ruling pertaining to each of Marilyn's objections to the Final Account is contained in its June 24, 2025 Adjudication. *See* Pa.R.A.P. 1925(a) Letter at 1.

On appeal, Marilyn presents the following issues for our review:

1. Did the orphans' court err by approving pre-adjudication distributions in violation of Pa.[R.]O.C.[P.] 2.9 and [Pa. Mont.]O.C. [Local] Rule 2.9A?

2. Did the court err by classifying rental income from estate property as personal funds, contrary to 20 Pa.C.S. § 3311?

3. Did the court abuse its discretion by accepting inconsistent classifications and computational errors in the Final Accounting?

4. Did the court err in removing [Marilyn] as co-executor without the required clear showing of necessity under [*In re Estate of*] *Lux*[, 389 A.2d 1053 (Pa. 1978)]?

5. Did the court err by approving the sale of real property without findings required by 20 Pa.C.S. § 3351 and controlling case law?

6. Did due process deficiencies including inadequate notice, misaddressed communications, and exclusion of evidence require vacatur?

7. Do multiple mathematical errors in the Accounting require remand?

Marilyn's Brief at 6-7 (unnumbered; cleaned up).

Before addressing the merits of Marilyn's claims, we must consider whether this appeal is timely. "We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."

*Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted). "A jurisdictional issue presents us with a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." *Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 271 (Pa. Super. 2019) (internal quotation marks and citation omitted).

As we explained in *Young*,

Pennsylvania Rule of Appellate Procedure 903(a) mandates … "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." [Pa.R.A.P. 903(a).] This Court is without jurisdiction to excuse failure to file a timely notice of appeal, as the 30-day period for appeal must be strictly construed; an untimely appeal divests the Superior Court of jurisdiction.

*Id.* (internal brackets and citations omitted); *see also* Pa.R.A.P. 105(b) (providing this Court may not extend the time for filing a notice of appeal).

For the purpose of calculating the appeal deadline, "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Orphans' Court Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.O.C.P. 4.6." Pa.R.A.P. 108(c); *see also* Pa.R.O.C.P. 4.6 (mandating the clerk note in the docket the date when notice of an adjudication or court order was given to the interested party or to his or her counsel); *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) ("[A]n order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given.").

Here, Marilyn appeals from the orphans' court's order dated June 24, 2025, which accurately informed her she had twenty (20) days from the date of entry of the adjudication to file a motion for reconsideration and thirty (30) days from the date of entry of the adjudication to file an appeal. **See** footnote 2, **supra**. The docket reflects Rule 4.6 notice was served on June 25, 2025. No motion for reconsideration was filed. Thus, the deadline to file a notice of appeal was July 25, 2025, thirty (30) days after the docketed Rule 4.6 notice.[5] Marilyn did not file her notice of appeal until August 13, 2025, well beyond that deadline, thereby rendering her appeal untimely. Consequently, we lack jurisdiction and are constrained to quash this appeal. **See Smithson**, **supra**;

---

[5] To the extent the orphans' court purports to have granted Marilyn fourteen (14) additional days to file an appeal, **see** Pa.R.A.P. 1925(a) Letter at 2, we conclude its August 7, 2025 order did not constitute an extension of time to file an appeal from the June 24, 2025 Adjudication. It is well settled, "[w]hen a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citing Pa.R.A.P. 903(a)). "Therefore, trial courts have no authority to extend the appeal deadline beyond thirty [(30)] days." **Commonwealth v. McNalt**, Nos. 59 and 63, EDA 2021, unpublished memorandum at 5 (Pa. Super. filed Jan. 19, 2022); **see also** Pa.R.A.P. 126(b) (providing unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

*see also Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa. Super. 2006) (noting

"*pro se* status confers no special benefit upon the appellant").[6, 7]

_____

[6] We recognize this Court has declined to quash otherwise untimely appeals where the untimeliness **resulted from** a breakdown in the court system. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). "[A] breakdown generally occurs if the trial court misstates or misinforms an appellant regarding … the time for filing an appeal." **McNalt**, **supra** at 5 (citing **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (declining to quash an untimely appeal where "the problem arose **as a result of** the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation") (emphasis added)). However, we do not believe this to be the case here. While the orphans' court improperly advised Marilyn she had fourteen (14) additional days within which to file an appeal and she, in fact, filed her notice of appeal within that timeframe, the misinformation occurred **after** the expiration of the 30-day appeal period. Further, the orphans' court provided her with accurate information regarding the time requirement for filing a notice of appeal at the time of its June 24, 2025 Adjudication. Hence, the untimeliness of her appeal did not **result from** the misinformation in the orphans' court's August 7, 2025 order. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1129 (Pa. Super. 2003) (quashing an untimely appeal where the appellant "was provided with sufficient and accurate information regarding the time requirements for filing a post-sentence motion and for filing a notice of appeal to this Court"); **Commonwealth v. Santiago**, No. 1450 WDA 2018, unpublished memorandum at 3-4 n.5 (Pa. Super. filed Mar. 30, 2020) (quashing the appeal as untimely because the trial court correctly advised the appellant of her appellate rights at sentencing and, therefore, the trial court's subsequent error in granting a motion for an extension of time to file an appeal did not constitute a breakdown in the court system); **but see Commonwealth v. Wallace**, No. 913 MDA 2024, unpublished memorandum at 3-4 (Pa. Super. filed July 15, 2025) (declining to quash an untimely appeal due to a breakdown in court operations; emphasizing the miscommunication by court staff which led to the appellant's untimely notice of appeal occurred during the 30-day appeal period); **McNalt**, **supra** at 5-6 (concluding there was a breakdown in the operations of the court excusing the untimeliness of the appeal, where the trial court issued an order one day **before** the appeal period expired, purporting to extend the appeal deadline, "which ultimately resulted in [the appellant's] failure to file a timely notice of appeal").

*(Footnote Continued Next Page)*

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2026

---

[7] Notwithstanding quashal of this appeal, we would deem all Marilyn's issues waived due to her failure to file a Rule 1925(b) concise statement. **See Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) ("Failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised."); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (internal brackets and citation omitted); Order, 8/28/25 (directing Marilyn to "file of record a concise statement of errors complained of on appeal" **and** to serve a copy of the statement upon the undersigned judge within 21 days of the entry of the orphans' court's August 28, 2025 order; and warning, "Any issue not properly included in a statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived pursuant to Pa.R.A.P. 1925(b)(3)(iv) and Pa.R.A.P. 1925(b)(4)(vii)"). Here, Marilyn emailed the orphans' court judge on September 15, 2025, "a six-page narrative document, with no case caption or docket number," purporting to contain "a concise statement of errors in interpretation of the law and life complained of on appeal"; however, her "concise statement" was never filed with the orphans' court clerk. Pa.R.A.P. 1925(a) Letter at 2. **See** Pa.R.A.P. 1925(b)(1) (requiring an appellant to "file of record" **and** serve on the lower court judge a concise statement of the matters complained of on appeal); **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) ("Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge."). Accordingly, her issues would be waived even if we had jurisdiction to consider her appeal.